IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

LEGACY HOMES, LLC,

    Plaintiff,

Vs.                                                        No. CT-002414-07 Division I

INDIANA INSURANCE COMPANY,            JURY DEMANDED

    Defendant.

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH REFUSAL TO PAY, AND VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT**

Comes now the Plaintiff Legacy Homes, LLC, pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure and amends its complaint against the Defendant Indiana Insurance Company and, for causes of action, would state as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff Legacy Homes, LLC ("Legacy"), is a Tennessee Limited Liability Company in the business of constructing, building, and supervising the construction of homes, with its principal place of business at 554 Green Tree Cove, Collierville, Shelby County, Tennessee.

2. The Defendant Indiana Insurance Company ("Indiana") is a foreign corporation organized and existing under the laws of the state of Indiana and duly authorized to write insurance in the state of Tennessee and can be served through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Davy Crockett Tower, Nashville, Tennessee 37243-0565.

EXHIBIT A

3. Legacy's causes of action against Indiana arise out of a contract of insurance and accrued in Shelby County, Tennessee.

4. This Court has jurisdiction of the parties and the matters in controversy herein.

5. Venue is proper pursuant to section 20-4-106 of the Tennessee Code Annotated.

## FACTS

6. On or about July 1, 2000, Indiana, for good and valuable consideration, issued to Legacy a comprehensive contractors commercial general liability insurance policy under policy number CCP9448438 (hereinafter referred to as the "Policy") that provided Legacy coverage from July 1, 2000 to July 1, 2001.

7. On July 1, 2001, Indiana, for good and valuable consideration, renewed the Policy for a one year period ending July 1, 2002.

8. On July 1, 2002, Indiana, for good and valuable consideration, renewed the Policy for a one year period ending July 1, 2003, a copy of the Indiana policy is attached hereto as Exhibit A and is incorporated by reference as if set forth verbatim herein.

9. On or about September 26, 2001, Shawn and Frances Livesay entered into a contractual agreement with Legacy whereby they retained Legacy to construct a residence at 2687 Calkins Road, Germantown, Shelby County, Tennessee (hereinafter referred to as the "Residence").

10. Pursuant to the Livesay contract, Legacy was to be the general contractor for the construction of the Residence.

11. During the course of the construction of the Residence, Legacy retained multiple subcontractors to perform certain jobs to facilitate the construction.

12. As it relates to the foundation and slab of the Residence, Legacy hired Inspexx, LLC to perform an inspection of the soil and the foundation and slab and to certify that soil and the foundation and slab were sufficient to support the load of the Residence.

13. Legacy hired Van Kirk Construction as the subcontractor to construct the foundation and slab of the Residence.

14. Subsequent to the completion of the construction of the Residence, the Livesays sold the Residence to Lawrence E. Gordon and Sandra B. Gordon (hereinafter referred to as the "Gordons") on or about July 2, 2003.

15. On or about February 24, 2006, the Gordons filed a lawsuit in Shelby County Chancery Court against several defendants who were involved in the development and construction of the Residence, including Legacy Homes, LLC. (A copy of the Gordons' lawsuit is attached hereto as Exhibit B.)

16. The Gordons' lawsuit is currently pending in Part 1 of Shelby County Chancery Court before Chancellor Walter L. Evans.

17. In their lawsuit, the Gordons' seek to recover for property damage that has occurred at the Residence as a result of differential settlement of the foundation and slab of the Residence.

18. The Gordons allege that the lot upon which the Residence was constructed contained fill material, that the fill material contained quantities of organic matter and other deleterious materials, that the fill material consolidated under the load

of the Residence, and that the consolidation of the fill material led to the settlement of the foundation and slab of the Residence.

19.   The Gordons further allege that, as the general contractor who constructed the Residence, Legacy is liable to them for the property damage that has resulted from the differential settlement of the foundation and slab.

20.   On or about March 6, 2006, Legacy was served with the Gordons' lawsuit.

21.   Following its receipt of the Gordons' lawsuit, Legacy timely provided Indiana with notice of the claim against it and requested that Indiana defend Legacy against the Gordons' claims and indemnify Legacy for any damages for which Legacy was found liable by the Shelby County Chancery Court.

22.   On or about October 2, 2006, Legacy received a letter from Jerry Hurst, who is a claims specialist at Indiana, denying coverage for the claims asserted against Legacy by the Gordons and refusing to defend Legacy against the Gordons' claims. (Copies of the denial letter and the envelope in which it was sent are attached hereto as Exhibit C.)

23.   The denial letter from Mr. Hurst is dated May 5, 2006.

24.   Notwithstanding the date of the denial letter, the envelope in which it was sent was postmarked September 28, 2006.

25.   At all times relevant hereto, Legacy was insured against claims for property damage under the Policy written by Indiana and attached hereto as Exhibit A.

26.   Pursuant to the Policy, Indiana is obligated to "pay those sums that [Legacy] becomes legally obligated to pay as damages because of 'bodily injury' or

'property damage' to which this insurance applies . . . [and] to defend [Legacy] against any 'suit' seeking those damages."

## DECLARATORY JUDGMENT

27. Legacy avers that the Policy provides coverage for the pending claims of the Gordons against Legacy.

28. Legacy further avers that Indiana has a duty under the Policy to defend Legacy against the Gordons' pending claims.

29. Indiana has denied coverage for the Gordons' claims against Legacy and has denied to defend Legacy against the Gordons' pending claims.

30. As a result of the actual, existing, bona fide controversy between Legacy and Indiana concerning their rights under the Policy, Legacy has incurred expenses in defending against the Gordons' claims, including but not limited to litigation expenses and attorney's fees, and will continue to incur these expenses in the future.

31. If Legacy is found liable to the Gordons, Legacy will incur substantial expenses in the form of payment of property damages to the Gordons.

32. Legacy requires a declaration by the Court of the parties' respective rights under the Policy to protect its interests thereunder and to avoid the potential for future harm.

33. WHEREFORE, Legacy requests a declaratory judgment from the Court determining its rights and those of Indiana under the Policy.

## BREACH OF CONTRACT

34. Pursuant to the Policy, Indiana is obligated to defend Legacy against any lawsuit seeking to recover property damages covered under the policy.

35. The Gordons' lawsuit against Legacy seeks to recover damages for property damage covered under the Policy.

36. Indiana has breached its contract of insurance with Legacy by refusing to defend Legacy against the claims made by the Gordons in their lawsuit.

37. As a direct and proximate result of Indiana's breach of contract, Legacy has incurred substantial damages, including but not limited to litigation costs and expenses and attorney's fees, and will continue to incur such damages in the future.

38. WHEREFORE, Legacy states a cause of action against Indiana for breach of contract.

## VIOLATION OF SECTION 56-7-105 OF THE TENNESSEE CODE ANNOTATED—BAD FAITH REFUSAL TO PAY

39. Section 56-7-105(a) of the Tennessee Code Annotated provides in pertinent part:

> The insurance companies of this state . . ., in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, shall be liable to pay the holder of the policy or fidelity bond, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss . . . .

40. At all times relevant hereto, section 56-7-105 of the Tennessee Code Annotated was in full force and effect.

41. Indiana violated section 56-7-105 by denying coverage for Legacy's claim and refusing to defend Legacy in the lawsuit filed by the Gordons.

42. Indiana's denial was not made in good faith because the allegations of the Gordons' complaint include facts that bring their claims within the coverage provided under the Policy and because Indiana apparently made its coverage decision on or

about May 5, 2006 but recklessly, willfully, and/or wantonly failed to provide notice of its decision to Legacy until on or about September 28, 2006.

43.     As a direct and proximate result of Indiana's reckless, willful, and/or wanton violation of section 56-7-105 of the Tennessee Code Annotated, Legacy has incurred substantial expenses to defend the lawsuit filed by the Gordons, including but not limited to litigation costs, litigation expenses, and attorney's fees, and will continue to incur such expenses in the future.

44.     WHEREFORE, Legacy states a cause of action against Indiana for violation of section 56-7-105 of the Tennessee Code Annotated.

## VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

45.     Section 47-18-109(a)(1) of the Tennessee Code Annotated provides as follows:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

46.     Section 47-18-104(b)(27) of the Tennessee Code Annotated declares that "engaging in any other act or practice which is deceptive to the consumer or to any other person" is unlawful and constitutes a violation of the Tennessee Consumer Protection Act.

47.     At all times relevant hereto, each of the foregoing sections was in full force and effect.

48.     Indiana violated the provisions of the Tennessee Consumer Protection Act by denying coverage for Legacy's claim and refusing to defend

Legacy in the lawsuit filed by the Gordons even though the facts alleged in the Gordons' complaint bring their claims against Legacy within the coverage provided under the Policy.

49.  Indiana acted recklessly, willfully, and/or knowingly by making its coverage decision on or about May 5, 2006 but failing to provide notice of its decision to Legacy until on or about September 28, 2006.

50.  As a direct and proximate result of Indiana's reckless, willful, and/or knowing violation of the Tennessee Consumer Protection Act, Legacy has incurred substantial expenses to defend the lawsuit filed by the Gordons, including but not limited to litigation costs, litigation expenses, and attorney's fees, and will continue to incur such expenses in the future.

51.  WHEREFORE, Legacy states a cause of action against Indiana for violation of the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-18-101, et seq.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Legacy Homes, LLC prays as follows:

1.  That proper process issue and be served upon Indiana requiring Indiana to appear and answer the allegations set forth in this Complaint;

2.  That the parties' respective rights under the Policy be declared by the Court;

3. That a declaratory judgment be entered determining that Legacy is entitled to coverage under the Policy for the claims made against it by the Gordons;

4. That a declaratory judgment be entered determining that Legacy is entitled to be defended by Indiana against the claims set forth against Legacy in the lawsuit brought by the Gordons;

5. That Indiana be ordered to specifically perform its duties and obligations under the Policy;

6. That Legacy be awarded compensatory damages for Indiana's breach of contract, violation of section 56-7-105 of the Tennessee Code Annotated, and violation of the Tennessee Consumer Protection Act in an amount not less than $100,000;

7. That Legacy be awarded a sum not to exceed twenty-five percent (25%) of its compensatory damages in accordance with section 56-7-105 of the Tennessee Code Annotated;

8. That Legacy's compensatory damages be trebled pursuant to section 47-18-109 of the Tennessee Code Annotated;

9. That Legacy be awarded punitive damages in an amount not to exceed $1 million;

10. That Legacy be awarded its attorney's fees;

11. That Legacy be awarded prejudgment interest;

12. That the litigation costs be assessed against Indiana;

13. That a jury be impaneled to try this cause once all issues have been joined; and

14. That Legacy be awarded any such other, further general and specific relief to which the Court deems that Legacy is entitled.

Respectfully submitted,

McWHIRTER, WYATT, & ELDER
Attorneys for Plaintiff, Legacy Homes, LLC
73 Union Avenue
Memphis, Tennessee 38103
(901) 522-1813 Phone
(901) 525-3915 Fax

BY: _____
JOE LEE WYATT, #5914
WILLIAM J. WYATT, #25774